Taliaeerro, J.
The plaintiff, as endorsee of W. A. Benton, brings this suit against the defendants in solido, on a promissory note drawn by them for §509, and payable on demand to W. A. Benton or order.
The defendants admit the signature of the note, but aver that it was given to the payee upon false and fraudulent representations of his, that he was authorized by the---Insurance Company to give or sign blank policies of insurance on freights shipped on boats that had failed to obtain inspection papers, and that if loss had occurred, the insurance company would not have been responsible.
It is contended also, on the part of the defendants, that the obligation is one made in violation of a prohibitory law, and null on that account. The plaintiff obtained judgment, and defendants have appealed. It appears that the insurance was taken by defendants on cotton shipped on a steamboat called the “Dillard,” which had at the time neither' the license from the custom-house nor the certificate of inspection, in default of which the boat could not legally navigate the waters of the United States.
*464 There is no doubt that this boat had been owned in whole or in part by defendants at, or at least a short time before the execution of the note sued upon, which was given in payment of the premium of insurance, taken by them on a load of cotton.
The act of Congress approved July, 1838,---rigidly prohibits, under heavy penalty, boats of the character of the Dillard from transporting goods, wares and merchandise or passengers. There is no doubt that the condition of the boat was fully known to the plaintiff as well as to the ptayee of the note, at the time the contract was entered into.
We are of opinion that contracts of insurance upon boats so rigidly, prohibited from transporting freight or passengers, made by parties with full knowledge of the prohibition, become affected with the nullity resulting from engagements entered into in direct violation of law. The taking risks, under insurance upon boats navigating the waters of the country, in express violation of law, is an encouragement to violate law; and contracts of that kind should not receive the sanction of judicial tribunals.
The conclusion we have arrived at renders it unnecessary for us to consider the several bills of exceptions we find in the record.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; it is further ordered, adjudged and decreed, that judgment be rendered in favor of defendants, the plaintiff and appellee paying costs in both courts.